UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY POCHE        CIVIL ACTION

VERSUS        NO. 07-3506

KIMBERLY WILLIAMSON BUTLER, *et al.*        SECTION: "K"(1)

## MEMORANDUM AND ORDER

Before the Court is Petitioner Gary Poche's Motion for Appeal (Rec. Doc. 9), in which he seeks review of the Order of the Honorable Sally Shushan, United States Magistrate Judge, denying Petitioner permission to proceed *in forma pauperis*. Petitioner is currently incarcerated at the Louisiana State Penitentiary at Angola. Because Petitioner timely filed his objections to the magistrate judge's non-dispositive order denying permission to proceed *in forma pauperis*, this Court has jurisdiction to evaluate whether Magistrate Judge Shushan's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).[1] After having reviewed all of the relevant pleadings, memoranda, and the relevant law, this Court finds his

---

[1] There appears to be a dearth of case law evaluating under what standard a district court must review a magistrate judge's denial of permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). *See Seaberry v. Stadler,* No. Civ. A. 05-1960-P, 2006 WL 1635707, at *1 (W.D. La. June 13, 2006) (holding that a magistrate's order denying permission to proceed *in forma pauperis* is "not a recommendation to the district court" but rather "it is an Order from the Magistrate Judge on a non-dispositive matter [that] requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law."). *But see Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004) (suggesting review of a magistrate judge's report and recommendation denying a motion to proceed *in forma pauperis* should be *de novo*.). Because Magistrate Judge Shushan's order did not prevent Petitioner from proceeding by a means other than by *in forma pauperis*, and because a motion for permission to proceed *in forma pauperis* is a pretrial motion and is not enumerated in the authorizing statute as a dispositive motion that requires *de novo* review, this Court holds that the "clearly erroneous" standard is the appropriate standard by which to review this claim. *See* 28 U.S.C. § 636(b)(1). The Court does note, however, that even under the more stringent *de novo* standard, the Court would reach the same conclusion in this matter.

appeal without merit, affirms the decision of the magistrate judge, and orders this case closed.

## I. Factual Background

As is required in a case where a party proceeds *pro se*, this Court will hold plaintiff's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and it will "construe liberally" the plaintiff's pleadings, *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  Reading Petitioner's complaint liberally, he claims that he has sought, and been unjustly denied, documents apparently relevant to his original conviction.  (Rec. Doc. 1, p. 4, § V).  Specifically, he seeks documentation of arguments made by counsel during a *Miranda* hearing.  (Rec. Doc. 1, p. 10).  Petitioner seeks them in order to "pursue further judicial review."  (Rec. Doc. 1, p. 12).  Petitioner further alleges that this denial by the named defendants has caused him "mental pain and suffering," and he seeks monetary damage for their "deliberate indifference."  (Rec. Doc. 1, p. 4, § V).

Petitioner filed the present petition with this district court on June 28, 2007.  (Rec. Doc. 1).  Magistrate Judge Shushan considered it the same day and denied permission to proceed *in forma pauperis*.  (Rec. Doc. 2).  Magistrate Judge Shushan subsequently reconsidered and granted Petitioner's motion on July 17, 2007 (Rec. Doc. 5).  However, on July 20, 2007, she found that her grant of *in forma pauperis* status may have been in error when it came to her attention that Petitioner's sworn declaration that he never had any federal lawsuits or appeals dismissed as frivolous was "patently untrue."  Gary Poche v. Kimberly Williamson Butler, *et al.*, Civ. Action No. 07-3506 (E.D. La. July 20, 2007) (Shushan, M.J.).  Magistrate Judge Shushan later confirmed that Petitioner previously had filed at least three suits in federal court that had been dismissed as frivolous while Petitioner was incarcerated, and therefore denied *in forma pauperis* status pursuant to the Prison Litigation Reform Act of 1995, codified at 28

U.S.C. § 1915(g).  Gary Poche v. Kimberly Williamson Butler, *et al.*, Civ. Action No. 07-3506 (E.D. La. Aug. 3, 2007) (Shushan, M.J.).  Petitioner subsequently filed this motion to appeal the order of Magistrate Judge Shushan.  (Rec. Doc.9).

**II.  Analysis**

Similar to Magistrate Judge Shushan's opinion, the crux of this Court's analysis is not the nature of Petitioner's claim, but rather the fact that he has made the same frivolous allegations repeatedly.  The magistrate judge denied Petitioner permission to proceed *in forma pauperis* because the "three strikes" provision of 28 U.S.C. § 1915(g) barred it.  The relevant statutory section reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occassions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As noted in Magistrate Judge Shushan's opinion of August 3, 2007, at least three times previously has Petitioner had this same claim dismissed as frivolous by a federal district court or federal appeals court (i.e., a "court of the United States") while Petitioner was incarcerated.  Gary Poche v. Kimberly Williamson Butler, *et al.*, Civ. Action No. 07-3506 (E.D. La. Aug. 3, 2007) (Shushan, M.J.).  This Court conducted an independent review of the orders and opinions cited by Magistrate Judge Shushan and concurs with her findings.  The following previous orders dismissed Petitioner's claims as frivolous:

(1)  Gary Poche v. State of Louisiana, *et al.*, Civ. Action No. 94-2983 (E.D. La. Sept. 30, 1994) (adopting the report and recommendation of the magistrate judge dated September 12, 1994 that found that "[p]laintiff's § 1983 complaint against defendants is

frivolous under the broadest reading since the allegations made clearly lack an arguable basis in law.").

(2) Gary Poche v. State of Louisiana, *et al.*, Civ. Action No. 00-1364 (E.D. La. Oct. 12, 2000) (adopting the report and recommendation of the magistrate judge dated September 26, 2000 that found that "plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and otherwise failing to state a claim for which relief can be granted.").

(3) Gary Poche v. State of Louisiana, *et al.*, 275 F.3d 1080, 1080 (5th Cir. 2001) (unpublished opinion) ("Because the appeal is frivolous, it is DISMISSED.").

Due to this treble denial[2], Petitioner cannot be granted *in forma pauperis* status while a prisoner unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). However, Petitioner's claim that he has been denied documents that may have been critical to his defense does not amount to any danger of any physical injury, and his allegation of having suffered "mental pain and suffering" does not satisfy this requirement either. *See Banos v. O'Guin*, 144 F.3d 883, 885 (allegation that prison guards conducted body cavity searches to harass inmate does not rise to level of imminent danger of serious physical injury);

---

[2]This Court notes that the Fifth Circuit's 2001 opinion states that Petitioner only has two strikes. *Poche*, 275 F.3d at 1080 ("Poche now has two strikes."). This Court presumes that the Fifth Circuit did not have an exhaustive list of Petitioner's litigious history before it during the appeal, and thus the Fifth Circuit only included the district court's dismissal as a "strike," and the subsequent frivolous appeal each as one "strike." *Id*. at 2. This Court finds it appropriate to attribute to Petitioner the 1994 dismissal as a "strike" considering that Petitioner appears to have full grasp of his various suits that have been filed throughout the Louisiana legal system. It should be noted that, while Petitioner's 1994 suit was dismissed as frivolous prior to the enactment of the PLRA, the Fifth Circuit has applied the PLRA retroactively to include dismissals prior to the PLRA's 1996 passage as "strikes." *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (counting a frivolous suit as a "strike" where the district court entered its dismissal order prior to September 20, 1994).

*Duncan v. Hillman*, No. 2:07-CV-145-KS-MTP, 2007 WL 2458446, at *1 (S.D. Miss. Aug. 30, 2007) (claims that prisoner faced retaliation, threats, and that defendants failed to place him in a single cell were not adequate to establish imminent danger of serious physical injury); *Gallagher v. McGinnis*, Civ. Action No. 00-1468, 2000 WL 739285, at *2 (E.D. La. June 5, 2000) (Wilkerson, M.J.) (petitioner's claim that he did not receive proper medical care and faced adverse conditions of confinement did not amount to "*imminent* danger of *serious* physical injury") (emphasis in original).

As Petitioner has filed three previous frivolous lawsuits or appeals, and because he fails to allege that he is in "imminent danger of serious physical injury," this Court finds no reason to disturb the findings of the magistrate judge that Petitioner's motion to proceed *in forma pauperis* is barred by 28 U.S.C. § 1915(g).  Accordingly,

**IT IS ORDERED,** that Petitioner's Motion for Appeal (Rec. Doc. 9) is **DENIED**, and **IT IS FURTHER ORDERED** that this case is **CLOSED**.

New Orleans, Louisiana, this   11th   day of September, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**